Chief Justice Marshall
delivered the opinion of the Court.
The rehearing was granted in this case mainly on the ground that the Court may have laid down too rigorous a rule for measuring the liability of Pierce, with respect to the property mortgaged to him by Bradley, and that there was a mistake in assuming - that Pierce’s claim, when reduced by the value of the mortgaged property, would not equal the sum decreed td him out of the proceeds of the attached property, of his co-security, from whom he was seeking contribution.
Upon further consideration, we are of opinion, that Pierce was not bound to take possession of the mortgaged property, nor to proceed against it until after he had found himself compelled to pay the debt for which it indemnified him, unless he saw or had reason to know that Bradley, the mortgagor, was squandering it, or placing it beyond the reach of the mortgage. And that under the facts of this case, it was his duty to have proceeded against the property by’ attachment or restrain *400 jng order, when he knew that Bradley was about removing from the county of Garrard ; which we assume to have been at the time he filed his amended bill setting-up the mortgage. Having been forced to this step by the suggestion of the defendants in answer to his original bill, which made no mention of the mortgage, he should at'least have pursued, from 'that time, all the means in his power to render the mortgage available as an indemnity. Pie did not pursue these means, but so conducted his suit, and neglected his rights, that whatever property might then have been subjected to the mortgage, was afterwards dispersed and placed beyond its reach. And he does not in his' pleadings intimate, that there is any other debt to which the mortgage properly, should be applied.
... , mortgagee do steps, he should iairC,liaivendible value of the pioperi-y winch might have been Jrdiirigei]bce.pr°P"
We think, therefore, that the. value of the property as it might have been secured to the mortgagee at the time of filing the amended bill in June, 1847, that is, its fair vendible value at a coercive sale, should as between Pierce and his co-surety, be charged against Pierce, as so much of Bradley’s means which he had or * ^ ought to have had in his hands for paying Bradley’s debt, that is, for repaying himself. The sum thus char-gable, should be deducted from the principal and interterest of the security debt in which Pierce and Teeter were bound to Miller, calculated up to the time when ¡a sale of the mortgaged property might and should have been coerced, say, in the spring or summer of 1848, and, for one half of the residue of the principal ■and interest of the said security debt. Pierce had and ■has a right to claim contribution from his co-surety, C. C. Teeter.. We are now satisfied that the claim .upon C. C. Teeter, estimated according to-these principles, would considerably exceed the sum decreed to Pierce •out of the proceeds of the attached effects, and it is not necessary to take an .account in order to sustain the •decree. And there being no apparent error in this or in any other respect, to the prejudice of C. O. Teeter, •or of Paris Teeter, the decree is not reversed upon the •original errors assigned by them, or .either of them.
*401 Upon the cross errors, we are of opinion, as before, that there was no error in giving precedence to the claim of Paris Teeter for $100, as decreed. If Pierce insists upon a personal decree against C. C. Teeter for contribution, it will be necessary to make up an account upon the principles above.stated, in order to ascertain how much he is entitled to, beyond his portion in the proceeds of the attached property. But as the decree only appropriates those proceeds, and does not finally dispose of any other part of the cause, but the same as to any other matters involved, if there be any, stands continued in the Circuit Court, the question, Whether Pierce is entitled to a personal decree against C. C. Teeter, is not presented for our decision, because it has not been decided by the Circuit Court. There is therefore, no ground of reversal on the cross errors.
Wherefore, adopting the former' opinion, except so far as it relates to the liability of Pierce, with respect to the mortgaged property, and except so far as it reverses the decree on the ground of that liability — the entire decree is affirmed.